UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 19 C 641 |
| v. | Judge Thomas M. Durkin |
| DARIUS MURPHY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant Darius Murphy is charged with various crimes in aid of racketeering. He filed a motion to sever his trial from that of his codefendants. R 478. For the reasons that follow, that motion is denied.

**Background**

The defendants in this case were charged with conspiring to engage in a variety of racketeering acts through a racketeering enterprise known as the Wicked Town faction of the Traveling Vice Lords street gang, in violation of 18 U.S.C. § 1962(d). They are charged with a number of substantive offenses. Relevant to this motion, Murphy is alleged to have participated in numerous murders and attempted murders, some of which codefendant Lee is alleged to have taken part in as well. *See* R. 285. A trial date of September 19, 2022 is in place for all defendants who choose to go to trial.

On May 31, 2022, Murphy filed a motion to sever his trial from the trial of codefendants Lee and Benson (assuming Lee and Benson are the only other codefendants who go to trial), arguing he will be prejudiced by presentation of the

violent acts allegedly committed by Lee and Benson when Murphy was either not yet born or still a child.

## Legal Standard

Murphy concedes that joinder under Rule 8, based on the face of the indictment, is proper, and so the question before the court is whether the joinder is prejudicial under Rule 14. *See* R. 478 at 2. "Once the Rule 8 requirements are met by the allegations in the indictment, severance thereafter is controlled entirely by Federal Rule of Criminal Procedure 14." *United States v. Delatorre*, 522 F. Supp. 2d 1034, 1046 (citing *United States v. Garner*, 837 F.2d 1404, 1412 (7th Cir. 1987)). Rule 14 provides: "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

A trial court has broad discretion to grant or deny a motion for severance. "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *United States v. Rollins*, 301 F.3d 511, 517-18 (7th Cir. 2002) (internal citations omitted). The Supreme Court has instructed that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

**Analysis**

**I.  Prejudice**

Murphy's primary argument is that joinder in this case is prejudicial to him because he was either not born or very young during a number of the charged offenses against Lee and Benson. But the Court is not convinced that evidence of crimes Murphy could not have been involved in due to his age compromises a specific trial right.

"When many defendants are tried together in a complex case and they have markedly different degrees of culpability, [the] risk of prejudice is heightened." *Zafiro*, 506 U.S. at 539. While there are varying degrees of culpability at play here (or no culpability at all, for crimes in which Murphy was not born or a young child), contrary to Murphy's position, the evidence against each of the individual is not so widely varied such that he would be prejudiced by the "spillover" effect from the evidence of the allegations that do not apply to him. Because each individual defendant is a charged member of the RICO conspiracy, "[t]he vast majority, if not all, of the evidence admitted in the joint trial would [be] admissible [if the defendant were to be] tried alone." *Delatorre*, 522 F. Supp. 2d at 1046-47 (citing *United States v. Souffront*, 338 F.3d 809, 831 (7th Cir. 2003)).

Of course, Murphy's counsel will be able to emphasize, more than once, Murphy's young age during the earlier crimes. They can do this through the questioning of certain witnesses at various points during the trial to show that Murphy was either not born or was very young during the particular violent acts

3

attributed to his codefendants. Murphy does not provide the Court with any reason why counsel would not be able to prove up these uncontested facts to the jury through witnesses or documents, or more likely by stipulation.

Further, Murphy himself is charged with multiple murders and attempted murders. Perhaps, if he were charged with a low-level drug trafficking offense and was required to sit through a significant amount of testimony related to Lee and Benson's alleged violent crimes, while Murphy had no similar allegations against him, the argument of prejudice here would carry more weight. But that is not the case. And while there may be *more* evidence presented against Lee and Benson, as their alleged crimes date back much further than Murphy's, a defendant's claim that the evidence against his co-defendants is proportionally greater than the evidence against him is not itself grounds for a severance. *United States v. Diaz*, 876 F.2d 1344, 1357 (7th Cir. 1989). This is true "even if some defendants are charged with more violent or more heinous crimes." *United States v. Carman*, 2004 WL 1638231, at *8 (N.D. Ill. July 16, 20014) (citing *United States v. Phillips*, 239 F.3d 829, 838 (7th Cir. 2001) (defendant not entitled to severance even though he was the only one not charged with a violent crime)). Here, Murphy is charged with crimes just as serious as Lee and Benson, and the fact that his trial will include the evidence against Lee and Benson which predates Murphy's involvement is not so prejudicial as to require severance. The jury will hear about murders they all allegedly committed or were involved with. And the jury will of course be instructed they are to give separate

consideration to each defendant and the evidence attributable to that defendant. *See* Seventh Circuit Pattern Criminal Jury Instruction No. 4.07.

## II. Antagonistic Defenses

Murphy then argues the wide age gap between he and his codefendants, as well as the leadership role Lee is alleged to have maintained in the enterprise, presents a high risk of antagonistic defenses. R. 478 at 7. But for inconsistent defenses to justify severance, the defenses must be antagonistic to the point of being irreconcilable and mutually exclusive. *United States v. Goodwin*, 496 F.3d 636, 644 (7th Cir. 2007). Murphy presents no evidence of this, instead stating in a conclusory fashion that Lee's alleged leadership role and steps taken in accordance with that leadership, when combined with Murphy's younger age, present a likelihood that antagonistic defenses will arise. The Court has already determined that the age gap does not present a risk of serious prejudice, and Murphy does not argue how it would lead to any antagonistic defenses. Similarly, the Court does not see how (and Murphy does not explain how) Lee's alleged leadership role would lead to antagonistic defenses so irreconcilable that severance would be required.[1]

---

[1] As a final note, Murphy argues Lee's recent violation of a protective order in which he broadcasted discovery on Facebook warrants severance. Murphy makes no argument as to why severance is an appropriate remedy for Lee's violation other than the fact that it created a "direct and serious" conflict between the two defendants. The Court does not find that Lee's violation, while serious, puts Murphy at a serious risk of prejudice during trial.

5

### III. Capability of the Jury

The Court also finds that severance is not required because the jury in this case will be entirely capable of sorting through the evidence. The "relevant inquiry is whether it is within the jury's capacity to follow the trial court's limiting instructions requiring separate consideration for each defendant and the evidence admitted against [him]." *Diaz*, 876 F.2d at 1358. It will be clear to the jury that Murphy was either not yet born or a child during the earlier charged crimes. Murphy will be able to tell the jury that. This is not a situation where the jury will be faced with digesting a complex legal argument—they will likely know of his date of birth (or at least his age at trial), the dates of the charged offenses, and an instruction from the Court to consider each defendant and the evidence concerning that defendant separately. His lack of culpability for the earlier offenses is easily explained, and the simplicity of comparing his age with the dates of the alleged crimes is something a jury will easily understand.

### Conclusion

For the foregoing reasons, Murphy's motion to sever, R. 478, is denied. The trial date of September 19, 2022 stands.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: July 19, 2022

6