UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DONALD LEE, ET AL,

    Defendants.

No. 19 C 641

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

The government has filed a motion to empanel an anonymous jury. The defense consents to the motion. R. 558.

An anonymous jury is one selected from a venire whose members' identifying information—such as names, specific employers, and addresses—has been withheld from the parties in order to protect potential jurors and their families. *United States v. Harris*, 763 F.3d 881, 884 (7th Cir. 2014). Although the parties agree that an anonymous jury is appropriate in this case, the Court will nonetheless analyze the relevant factors provided by the Seventh Circuit in *United States v. Mansoori*, 204 F.3d 635, 649 (7th Cir. 2002). Those factors include: (1) the defendants' involvement in organized crime; (2) the defendants' participation in a group with the capacity to harm jurors; (3) whether the defendants previously attempted to interfere with the judicial process; (4) the severity of punishment the defendants would face if convicted; and (5) whether the publicity regarding the case presents the prospect that jurors'

names could become public and expose them to intimidation or harassment. *Id.* at 650-51.

Here, four factors weigh in favor of empaneling an anonymous jury. As an initial matter, the fourth factor, the severity of the defendants' potential punishments, weighs against granting the parties' motion. The defendants all face a maximum sentence of life imprisonment, and defendants Lee and Murphy face mandatory life sentences. Such harsh sentences warrant consideration because an anonymous jury "deprives the defendant of information that might help him to make appropriate challenges" during jury selection. *Id.* at 650.

But the remaining factors illustrate the need for an anonymous jury. First, the defendants are all alleged to be involved in organized crime. The superseding indictment alleges they are members of the Wicked Town Faction of the Traveling Vice Lords and committed multiple acts on behalf of the gang.

The defendants' alleged participation in the Wicked Town enterprise also supports the second factor, as the Wicked Town enterprise has the capacity to harm jurors. The case involves numerous murders and other violent offenses on the part of the gang, some of which are alleged to have occurred because a witness or individual was suspected of cooperating with law enforcement. "[I]t is not unreasonable, given the gang's history and capacities, to infer that it might use violence again to influence or harass the jury." *United States v. Morales*, 655 F.3d 608, 622 (7th Cir. 2011).

The third factor, interference with the judicial process, is also satisfied. Notably, Mr. Lee has already been reprimanded in this case because he posted

2

threats to potential witnesses on social media. Moreover, the superseding indictment alleges members of the enterprise use threats of violence and intimidation to prevent witnesses and victims from reporting suspected criminal activity.

Finally, the fifth factor—publicity—weighs in favor of granting the motion. Local media has been closely following this case from the outset, and there is no reason to believe that media attention will come to an end once trial begins. *See* R. 558, at 7 n.3 (citing examples of published articles regarding this case).

In order to grant a motion for an anonymous jury, proof of impending harm to jurors is not required. *Morales*, 655 F.3d at 623. Rather, a court only needs a reason to believe jury protection is necessary. *Id*. Based on the above reasons, the Court finds that such protection is necessary here. The government's unopposed motion, R. 558, is granted.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: July 26, 2022